IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COVINGTON SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES A. SHADID, L.L.C.,<br><br>    Defendant, | Case No. CIV-13-0183-F |

## ORDER

The motion to abstain filed by defendant Charles A. Shadid, L.L.C., (Shadid) is before the court. Doc. no. 23. The motion has been fully briefed.

### I. Discussion

The motion and briefing make clear that Shadid does not seek complete abstention resulting in dismissal of this action. Rather, Shadid seeks a stay of this federal action until final resolution of <u>Charles A. Shadid and Charles A. Shadid, L.L.C. v. Covington Specialty Insurance Company, Tracey Talley, and Western Claims, Inc.</u>, CJ-2013-1210, a related case currently pending in the District Court of Oklahoma County, State of Oklahoma. To avoid any confusion, this order refers to Shadid's motion as a motion to stay.

This action is a declaratory judgment action. It addresses only one issue: whether an appraisal award in favor of Shadid and against Covington Specialty Insurance Company (Covington), binds Covington. *See*, Second Amended Complaint, doc. no. 11, prayer for relief. The appraisal award was entered as a result of an underlying insurance dispute. The insurance dispute is the subject of the related state court action. Shadid seeks a stay of this action due to the pendency of the state court action. Covington objects, arguing that this action has precedence because it was filed

first. This action was filed on February 20, 2013. The state court action was filed on February 27, 2013.

For reasons which will become apparent, the court finds that this action and the state court action are parallel actions. In Wilton v. Seven Falls Company, 515 U.S. 277 (1995), the Supreme Court made clear that a federal court has discretion in deciding whether to stay a declaratory judgment action in favor of parallel state litigation. *Id*. at 281-90. This discretion is derived primarily from language in the Declaratory Judgment Act, 28 U.S.C. §2201(a), which provides that "upon the filing of an appropriate pleading, [a federal court] may declare the rights and other legal relations of any interested party seeking such declaration...." (Emphasis supplied.) As stated in Wilton, the Act creates an opportunity, rather than a duty, to grant declaratory relief to qualifying litigants. *Id*. at 288.

Wilton affirmed the continuing viability of Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), a case decided over fifty years earlier. Billhart indicated that in deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there; should consider whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceedings and whether necessary parties have been joined; and should consider whether such parties are amenable to process in the state court proceeding. Wilton, 515 U.S. 277 at 282-83, reviewing "useful guidance" set out in Brillhart. Wilton also quoted Brillhart for the statement that at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed. *Id*. at 283.

This court begins with the above-described considerations outlined in Brillhart and Wilton; the court considers the parties and their relationship to the two actions,

then the nature of the claims and defenses. After that, the court considers an expanded set of factors. Finally, the court addresses some of Covington's arguments against the stay which arguably fall outside of the above analysis.

### *Brillhart and Wilton Considerations.*

The state court suit includes each of the parties to this federal action. The state court suit also includes additional parties who are not parties in federal court. The additional parties who are involved in the state court action are Mr. Charles L. Shadid (one of two plaintiffs in the state court suit), and Tracey Talley and Western Claims, Inc. (two of the three defendants in the state court suit). Amended Petition, doc. no. 24-2. The briefing indicates that Mr. Talley was the employee of Western Claims, Inc., the adjuster on the claims that are the subject of the state court action. All of the parties who are necessary to resolution of the state court action appear to have been joined in that action and can be sued in state court.

As for the nature of the claims alleged in the state court action, that action grows out of an insurance dispute following hail damage to more than two dozen properties owned by Shadid and insured by Covington. The state court action involves the totality of both Mr. Shadid's and Shadid L.L.C.'s claims for policy benefits as a result of the hail damage. As stated in ¶ 11 of the Amended Petition, the state court suit alleges that defendant Covington wrongfully denied coverage and failed and refused to pay the proper amounts due under the policy for covered damage to plaintiffs' properties. In addition to referencing Covington's alleged breaches under the policy, the state court action alleges claims for breach of the covenant of good faith and fair dealing, and negligence. All claims in the state court action appear to be alleged by both plaintiffs, against all three defendants. In its briefing, doc. no. 23 at p. 3, Shadid explains that among the issues in the state court action are Shadid's claims seeking to recover roof repair and replacement costs in the amount of $8,597,166.00; claims for additional consequential interior repair damage; claims for

loss of business income and rents; and damage claims for breach of Covington's duty of good faith and fair dealing resulting from allegedly improper denials and delays over three years.

This federal declaratory judgment action, by contrast, raises one narrow question. This action asks the court to declare whether an appraisal award rendered by an umpire on December 6, 2012, doc. no. 11-4, which stated that the actual cash value number for the loss was $4,888,536.36, is enforceable and binding against Covington. Shadid contends the award established a number for the actual cash value of Shadid's loss on the roofs of the properties but that it does not address the other policy benefits which Covington has refused to pay or any of the other controversies or claims for damages which Shadid raises in the state court action.

The actual cash value of the loss is an issue encompassed within the state court action. To determine the actual cash value of the loss, one of the issues which must, of necessity, be resolved in the state court action (whether raised offensively in that action by the plaintiffs or defensively in that action by the defendants) is whether the apprisal award is effective to establish the amount of that loss. Although not explicitly mentioned in the current version of the state court Amended Petition, the effect of the appraisal award and whether it is binding on Covington are issues which will necessarily be determined within the broad set of claims pending in state court.

Based on the above, the court finds that the two actions are parallel within the meaning of Brillhart and Wilton. It further finds that the considerations which Brillhart and Wilton indicate should guide a federal court in determining whether to enter a stay in a federal declaratory action when a parallel state court action is pending favor a stay.

*Expanded Factors.*

An expanded list of considerations must also be evaluated. *See*, State Farm Fire & Casualty Company, 31 F.3d 979, 983 (10th Cir. 1994) (reviewing district court's

application of expanded set of factors used by the district court to determine whether a federal court should proceed in a declaratory action despite the pendency of a state court action). Those factors are:

    1) whether the declaratory action would settle the controversy;

    2) whether it would serve a useful purpose in clarifying the legal relations at issue;

    3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to res judicata;

    4) whether use of the declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and

    5) whether there is an alternative remedy which is better or more effective.

*Id.*, quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987).

As discussed below, the court finds that these factors, taken together, weigh strongly in favor of a stay.

1.

The first factor is whether the declaratory action would settle the controversy.

The instant action would settle the narrow question raised in this action, at least as between the two parties present in this court. However, in considering whether this action would resolve "the controversy," the court considers not only the issue raised in this case but also the issues which will be determined in the state court action. *See*, United States v. City of Las Cruces, 289 F.3d 1170, 1187-89 (10th Cir. 2002) (the federal action might settle the controversy as to whether the United States had superior title to the named defendants, but it would not bind parties who were not joined in the action; upholding district court's finding that the federal declaratory action would not settle the entire controversy).

This federal action would resolve only one issue out of the set of issues raised by the state court action. Also, some of the parties named in state court are absent

here. Covington argues that the additional parties named in state court could be brought into the federal action. Contrary to Covington's argument, however, there is no basis for Shadid, the defendant in this action, to bring in the additional defendants from the state court action (Mr. Talley and Western Claims, Inc.) under a third-party liability theory.[1] Mr. Shadid, the other plaintiff in the state court suit, also is not a party in federal court. Although Covington argues that Mr. Shadid should assert the claims that he alleges in state court as counterclaims in this action, he cannot do so because he is not a defendant in this action.

This federal declaratory action would not settle the entire controversy. The first factor weighs in favor of a stay.

2.

The second factor is whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue.

It would, to put it mildly, be "useful" to determine Covington's rights with respect to the appraisal award. That determination, however, may just as easily be made in the state court litigation. Moreover, determination of that issue in this court would not bind Mr. Shadid, who is not a party here. One of the issues which is encompassed by Mr. Shadid's claims brought in the state court action is the actual cash value of the losses. Thus, Mr. Shadid appears to have an interest in the amount of the appraisal award and in the question of whether the award binds Covington. Nor would this court's determination bind Mr. Talley or Western Claims, Inc., should that become an issue. By contrast, if the state court determines whether Covington is bound by the appraisal award, that determination will bind all interested parties.

---

[1] These other parties cannot have any type of derivative liability to Shadid given the nature of the only issue in this case, which is the binding effect of the appraisal award on Covington. *See*, Rule 14(a)(1), Fed. R. Civ. P. (defending party may serve a summons and complaint on a nonparty "who is or may be liable to it for all or part of the claim against it").

Because this court's determination of the effect of the appraisal award on Covington would not bind all parties with a potential stake in that issue, the usefulness of this court making that determination is limited. In these circumstances, the second factor is neutral.

3.

The third factor is whether the federal action is being used merely for procedural fencing.

Shadid argues, and there appears to be no dispute, that Covington knew the date to which the parties agreed to extend the statute of limitations for purposes of the underlying insurance dispute -- February 28, 2013. Thus, Covington knew Shadid would be required to file an action to preserve its claims before the agreed upon date. That is exactly what happened, as the plaintiffs filed their state court action on February 27, 2013. This federal action, which presumably could have been filed at any time after the appraisal award, was filed on February 20, 2013, eight days before the agreed upon limitations date. Shadid argues that this sequence of events reveals a strategic attempt on the part of Covington to mitigate and peremptorily challenge the lawsuit which Covington knew its insured would be required to file. Shadid also states that there was an outstanding settlement offer on the table when the federal action was filed, arguing that this also reveals the strategic purpose of this federal action.

While not necessarily suggesting any bad faith on the part of Covington, the timing of this federal action could suggest procedural fencing on the part of Covington. See, St. Paul Fire and Marine Ins. Co. v. Runyon, 53 F.3d 1167, 69-70 (10th Cir. 1995) (diversity action for declaratory judgment was filed by insurance company one day before the insured filed action for bad faith and breach of contract in state court, *id.* at 1168; Court of Appeals upheld Judge Russell's order which abstained from exercising jurisdiction over the declaratory suit; court found no error

in the trial court's perception that the declaratory action had been used for procedural fencing, where the insured had promised to file his state court action against the insurance company by a certain date and where the insurance company had waited three years to file its declaratory action in federal court, *id.* at 70). It is not entirely clear what procedural benefit Covington hoped to receive by filing this narrow federal declaratory action rather than litigating all of its claims in the suit which Covington knew plaintiffs would be required to file to avoid limitations problems. Nevertheless, this federal suit appears to be, at a minimum, anticipatory, because it was filed only a few days before the known limitations deadline.

The third factor weighs slightly in favor of a stay but in these circumstances the court gives it little weight.

4.

The fourth factor is whether the federal action, were it to proceed now, would increase friction between state and federal courts and encroach upon state jurisdiction.

There is no need to complicate the state court proceedings by this court issuing a ruling as to whether the appraisal award is enforceable against Covington, an issue of state law. Judge Roger H. Stuart recently denied a motion to dismiss by Covington, brought in the state court action. That motion sought dismissal of plaintiffs' state court complaint due to the pendency of this federal action, on grounds that the federal action was the first-filed. Having been apprised of the instant motion to stay, Judge Stuart denied Covington's motion to abate the state court proceedings. Doc. no. 25-1, p. 10. Judge Stuart stated that he did not foresee that there would be two judges, in two different forums, making conflicting rulings. *Id.* He also stated that in the event the federal court should determine not to abate, Covington could come back to state court and re-argue abatement there. *Id.* Thus, the state court recognized, as this court does, that there is a potential for conflicting rulings if both actions were to proceed at the same time.

The fourth factor weighs in favor of the stay.

5.

The fifth factor is whether there is an alternative remedy that would be more effective than the federal declaratory action. It is most effective and efficient to litigate all issues in one place. That place is state court, where all interested parties are currently joined, where the issues are more broadly alleged, and where all parties will be governed by res judicata. Litigating the issues in state court also avoids potentially inconsistent rulings.

The fifth factor weighs in favor of a stay.

*Covington's Other Arguments.*

Covington argues that this action should not be stayed or abated because it was the first action filed. Generally, a first-filed suit has priority but that rule is typically stated in the context of two competing federal suits. *See*, Purnell v. Amerisure Mutual Insurance Co., 2009 WL 223406 at *1 (W.D. Okla) ("Under the 'first-to-file' rule, a district court is permitted to decline jurisdiction where a complaint raising the same issues against the same party has previously been filed in another federal district court"). Moreover, exceptions exist to the first-filed rule, were that rule to apply. *Id*. The fact that the other side was considering filing a lawsuit, and the fact that the first-filed suit is a declaratory judgment action, may be red flags suggesting that the later-filed action was an improper anticipatory filing. *Id.* Both of these circumstances are present here. Furthermore, the five factor test already takes into account the timing and sequence of the two actions. *See*, discussion of the third factor (anticipatory filing), *supra*.

The court also rejects Covington's argument based on language in an Eighth Circuit case, Scottsdale Insurance Co. v. Detco Industries, Inc., 426 F.3d 994, 996 (8th Cir. 2005). Quoting Scottsdale, Covington argues that there is a "threshold issue" as to "whether parallel proceedings were pending in state court at the time [the insurer]

brought its declaratory action." The issue in Detco, however, was not the sequence in which the cases were filed but whether the cases in question were, in fact, parallel. In any event, nothing in the five factor analysis applied by the Tenth Circuit suggests there is a threshold requirement like the one argued for by Covington. *And see*, Buzas Baseball, Inc. v. Board of Regents of University System of Georgia, 189 F.3d 477 (10th Cir. 1999) (upholding dismissal of first-filed federal court trademark infringement action, where the dismissed action was filed three weeks before the second federal action, *id.* at *1; finding no error in district court's rejection of the first-to-file rule where the first of the two federal actions was anticipatory, *id.* at *3), unpublished, cited here within the limitations of Tenth Circuit Rules.

The court rejects Covington's argument that this court should deny the stay because this action could include all of the parties' claims, if only Shadid and Mr. Shadid would file counterclaims, and if only Mr. Talley and Western Claims Inc. were brought in as third-party defendants. As already stated, Mr. Shadid cannot file a counterclaim because he is not a party. And there is no basis for Shadid to join Mr. Talley and Western Claims, Inc. as third-party defendants.

The court also rejects Covington's argument that the availability of additional relief makes a stay inappropriate. The availability of additional relief under the Declaratory Judgment Act does not move the needle one way or the other.

## II. Conclusion.

The court concludes that this action should be stayed. Defendant Charles L. Shadid, L.L.C.'s, motion to stay this action pending resolution of the state court action is **GRANTED**, and this action is hereby **STAYED**.

The court is considering closing this action administratively, without prejudice to the ability of either party to reopen this action by filing a notice indicating that the state court action has been finally adjudicated but that the issue raised in this

declaratory action was not resolved.[2] If either party objects to administrative closure on these terms, they shall file a short notice to that effect within seven days of the date of this order. The parties are advised that the alternative to administrative closure would likely be an order requiring periodic notice to this court describing the status of the state court proceedings.

Dated this 29th day of July, 2013.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0183p002 rev .wpd

---

[2] Nothing stated in this order should be interpreted as indicating any view by the court as to whether litigation of that issue (the binding effect of the appraisal award on Covington), if somehow avoided in state court, would be barred in this court (by res judicata or otherwise) based on the parties' failure to litigate it in state court. That issue has not been briefed and nothing stated in this order is intended to address it.